THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Steven D.
 McKenzie, Appellant,
 
 
 

v.

 
 
 
 Mittal Steel USA Georgetown, Employer, and Insurance Company of
 the State of PA, Carrier, Respondents.
 
 
 

Appeal from the Appellate Panel

Unpublished Opinion No.  2011-UP-413  
 Submitted August 15, 2011  Filed August
31, 2011

AFFIRMED

 
 
 
 Raymond Carl Fischer and William Stuart
 Duncan, both of Georgetown, for Appellant.
 Stephen L. Brown, Catherine H. Chase, and
 Wallace G. Holland, all of Charleston, for Respondents.
 
 
 

PER CURIAM: The
 Appellate Panel of the South Carolina Workers' Compensation Commission (the
 Appellate Panel) denied Steven D. McKenzie's claim for workers' compensation
 benefits for an injury he sustained when he twisted his back while climbing the
 steps to get on a crane (the Incident) at Mittal Steel USA.  The Appellate
 Panel found McKenzie's claim was not compensable because the Incident was an
 idiopathic fall caused by a recurrence and continuation of an injury sustained
 at work in 2002 (First Injury).[1]   On appeal, McKenzie argues the Appellate Panel
 erred in finding: (1) the Incident did not aggravate or exacerbate McKenzie's
 pre-existing conditions; (2) the injury
 was not compensable because it did not arise out of his employment; and (3) the
 Incident constituted an idiopathic fall.  We affirm.[2]
An
 employee may receive an award for workers' compensation benefits if the
 employee proves by a preponderance of the evidence that a subsequent injury aggravated
 a preexisting condition.  S.C. Code Ann. § 42-9-35(A) (1) (Supp. 2010).  "When
 a pre-existing condition or disease is accelerated or aggravated by injury or
 accident 'arising out of and in the course of the employment,' the resulting
 disability is a compensable injury."  Hargrove v. Titan Textile Co.,
 360 S.C. 276, 295, 599 S.E.2d 604, 614 (Ct. App. 2004).  However, an
 exception exists prohibiting compensation if the injury is "due solely to the natural progression of a pre-existing
 condition."  Id.  "The right of a claimant to
 compensation for aggravation of a pre-existing condition arises only where
 there is a dormant condition which has produced no disability but which becomes
 disabling by reason of the aggravating injury." Id.    
We
 hold[3] the Appellate Panel did not err in finding the Incident did not aggravate or
 exacerbate McKenzie's pre-existing conditions. In making its decision, the Appellate Panel found, 

 [McKenzie's] problems on
 February 6, 2008, as well as at the time of the hearing on August 12, 2008,
 were as a result of a continuing failed back and radicular leg symptoms and
 left foot drop, which date back to the original injury in 2002, and were not
 aggravated or made worse by any incident on February 6, 2008, but rather were
 natural progression and recurrence of such problems.

Here,
 substantial evidence exists in the record
 to support the Appellate Panel's finding that McKenzie's leg and back injuries
 were a result of the natural progression of these problems.  See S.C. Code Ann. § 1-23-380(5)(e) (Supp. 2010)
 (providing this court must affirm a decision of the Appellate Panel if it is
 supported by substantial evidence).  Specifically,
 the medical evidence established McKenzie's condition was never dormant.  Both McKenzie
 and Dr. Triana, an orthopedic doctor, agreed McKenzie never fully recovered
 from his First Injury, continued to have pain and mobility issues in his left
 leg, and would eventually need back surgery.  Furthermore, McKenzie has taken
 pain medication on a regular basis since 2002 to manage the symptoms associated
 with these injuries.  Additionally, the medical evidence indicated that these
 symptoms are a part of the natural progression of his back and leg injuries.  Accordingly, we affirm because substantial evidence supports the Appellate Panel's
 factual findings that McKenzie's issues were a natural progression of his back
 and leg injuries. 
AFFIRMED. 
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.

[1]In 2002, McKenzie sustained back and leg injuries that
 exacerbated his degenerative disc disease while working as a brakeman at the
 Georgetown Steel Mill.  As a result, McKenzie and Georgetown Steel Mill signed
 an agreement to settle his workers' compensation claim in which the owners of
 the Steel Mill agreed to provide McKenzie with ongoing medical treatment for
 his leg and back injuries and a settlement fee. 
[2] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[3] Because the issue of whether McKenzie's back and leg
 issues were a result of the natural progression of his First Injury is
 dispositive, we need not address the remaining two issues.  See Futch
 v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d
 591, 598 (1999) (noting an appellate court need not address appellant's
 remaining issues when its determination of a prior issue is dispositive).